UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN HEAD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. TREASURY DEPARTMENT, )<br>)<br>Defendant. ) | Civil Action No.  23-01823 (UNA) |

## MEMORANDUM OPINION

This matter is before the Court on review of this *pro se* plaintiff's application to proceed *in forma pauperis* and her *pro se* complaint.  The Court will grant the application and, for the reasons discussed below, dismiss the complaint without prejudice.

The Court must construe a *pro se* complaint liberally, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  But even a *pro se* litigant must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.  Fed. R. Civ. P. 8(a).  The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

1

Plaintiff, a resident of Las Vegas, Nevada, "would like to know how [she] can access" financial assistance through "Federal Covid Relief Funding" programs. Compl. at 1. Although she received "3 stimulus checks," she alleges "they ere taken by 3 permanent rent increases" and other expenses. *Id*. Plaintiff complains that she is "surrounded by new high end cars, BMW, Lexus, Teslas, etc." purchased by other individuals who received alternative forms of assistance during the pandemic, yet she faces eviction and remains "under siege by the very act of the National Emergency Proclamation of 2019[.]" *Id*. She demands "back pay plus damages" to address her financial situation and "psychological abuses." *Id*. Missing, however, is a statement that plaintiff is entitled to the relief she demands. The complaint raises questions and expresses plaintiff's frustration at benefits awarded to others yet does not state whether plaintiff herself is qualified for or entitled to receive further benefits, or whether such benefits still are available. As drafted, the complaint fails to meet the minimal pleading standards of Rule 8(a).

An Order consistent with this Memorandum Opinion is issued separately.

DATE: July 17, 2023                                  TREVOR N. McFADDEN
                                                     United States District Judge